PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name <u>Martinez,         Thomas            E.</u>
       (Last)            (First)         (Initial)

Prisoner Number <u>CDCR # V-63638</u>

Institutional Address <u>P.O. Box 8501, Coalinga, CA 93210</u>

**FILED**
AUG 15 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THOMAS E. MARTINEZ,
(Enter the full name of plaintiff in this action.)

vs.

JAMES A. YATES, Warden, et al.,

(Enter the full name of respondent(s) or jailor in this action)

Case No. CV 08 3911 WHA
(To be provided by the clerk of court)

PETITION FOR A WRIT
OF HABEAS CORPUS

E-filing

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

    (a)    Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

<u>Alameda County Superior Court</u>

Court                             Location

    (b)    Case number, if known <u>CH34617.</u>

    (c)    Date and terms of sentence <u>Nov. 30, 2004, 56 years to life.</u>

    (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)     Yes <u>X</u>     No ___

Where?

Name of Institution: <u>Pleasant Valley State Prison.</u>

Address: <u>P.O. Box 8501, Coalinga, CA 93210.</u>

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

<u>PC §§: 261(a)(2), 288a(c)(2), 12022.3(a), 667.61(e)(4)&(5).</u>

PET. FOR WRIT OF HAB. CORPUS         - 2 -

3. Did you have any of the following?

    Arraignment:                                     Yes __X__     No ____

    Preliminary Hearing:                  Yes __X__     No ____

    Motion to Suppress:                  Yes ____       No __X__

4. How did you plead?

    Guilty ____     Not Guilty __X__     Nolo Contendere ____

    Any other plea (specify) __N/A__

5. If you went to trial, what kind of trial did you have?

    Jury __X__     Judge alone ____     Judge alone on a transcript ____

6. Did you testify at your trial?             Yes ____     No __X__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                          Yes __X__     No ____

    (b)    Preliminary hearing                Yes __X__     No ____

    (c)    Time of plea                          Yes __X__     No ____

    (d)    Trial                                     Yes __X__     No ____

    (e)    Sentencing                             Yes __X__     No ____

    (f)    Appeal                                   Yes __X__     No ____

    (g)    Other post-conviction proceeding    Yes ____     No __X__

8. Did you appeal your conviction?          Yes __X__     No ____

    (a)    If you did, to what court(s) did you appeal?

        Court of Appeal                      Yes __X__     No ____

        Year: __2006__     Result: __Judgment affirmed.__

        Supreme Court of California       Yes __X__     No ____

        Year: __2007__     Result: __Petition for review denied.__

        Any other court                      Yes ____     No __X__

        Year: __N/A__     Result: __N/A__

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS      - 3 -

|   |   |   |
|---|---|---|
| petition? | Yes ___ | No  X  |
| (c) Was there an opinion? | Yes  X  | No ___ |

(d) Did you seek permission to file a late appeal under Rule 31(a)?

    Yes ___   No  X 

If you did, give the name of the court and the result:

N/A

9. Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?   Yes  X    No ___

[Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. §§ 2244(b).]

    (a) If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

        I. Name of Court: <u>California Supreme Court.</u>

        Type of Proceeding: <u>Petition for writ of habeas corpus.</u>

        Grounds raised (Be brief but specific):

        a. <u>Counsel failed to adequately advise on a plea bargain.</u>

        b. _____

        c. _____

        d. _____

        Result: <u>Pending.</u>  Date of Result: <u>N/A</u>

        II. Name of Court: _____

        Type of Proceeding: _____

        Grounds raised (Be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

   Result: _____ Date of Result: _____

 III. Name of Court: _____

   Type of Proceeding: _____

   Grounds raised (Be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

   Result: _____ Date of Result: _____

 IV. Name of Court: _____

   Type of Proceeding: _____

   Grounds raised (Be brief but specific):

    a. _____

    b. _____

    c. _____

    d. _____

   Result: _____ Date of Result: _____

(b) Is any petition, appeal or other post-conviction proceeding now pending in any court?

         Yes __X__  No ____

 Name and location of court: <u>California Supreme Court.</u>

**B. GROUNDS FOR RELIEF**

 State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS  - 5 -

1 need more space. Answer the same questions for each claim.

2 [Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: Prosecutor excluded qualified jurors on the basis of race.

Supporting Facts: See Additional Sheet 6(a).

Claim Two: Trial counsel rendered ineffective assistance of counsel by failing to properly advise Petitioner on an offered plea bargain.

Supporting Facts: See Additional Sheet 6(a).

Claim Three: The trial court erroneously admitted prejudicial hearsay statements.

Supporting Facts: See Additional Sheet 6(a).

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

N/A

PET. FOR WRIT OF HAB. CORPUS    - 6 -

### Additional Sheets To Petition For Writ Of Habeas Corpus

**CLAIM ONE:** The Prosecutor excluded qualified jurors on the basis of race, in violation of Petitioner's Sixth and Fourteenth Amendment right to a fair trial.

**SUPPORTING FACTS:**

The prosecutor in Petitioner's case challenged every Black woman juror who was called to the jury box. These jurors would have been excellent, even pro-prosecution jurors. The trial court erred as well by providing the prosecution with reasons for challenging one of the jurors and failing to grant Petitioner's motions to stop the discriminatory challenges.

During voir dire, Petitioner made two motions pursuant to People v. Wheeler, 22 Cal.3d 258, 265 (1978) and Batson v. Kentucky, 476 U.S. 79, 96 (1986). The first motion was made after the prosecutor challenged two Black women, Cheryl Ellis and Marilyn Major. On the first motion, the court found an inference of discrimination and a prima facie case. (ART 571.)

Petitioner made his second motion after the prosecutor challenged another black woman, Alice Watson. (ART 881, 882.) This challenge by the prosecutor removed every Black woman from the jury. (ART 882.) The court again found a prima facie case of discrimination. (ART 883.)

After Petitioner made his first Batson motion, the trial court speculated about possible reasons the prosecutor may have harbored for the challenge. (ART 571.) This error was fatal to a determination of whether discrimination occurred because the prosecutor never stated his The combined effect of these errors violated Petitioner's Fourteenth Amendment right to a jury drawn from a cross section of the residents of his county of residence, many of whom are Black.

**The Prosecutor's Stated Reasons For His Challenges Were Not Related To The Case And Were Not Genuine**

Cheryl Ellis

The prosecutor challenged Cheryl Ellis, juror number 3. (ART 491.) She was a 49 year old Black woman and a Baptist. (ACT 955, ACT 956.) She repeatedly stated that she cold be impartial to both sides. (ART 362, 434, 435, 436.) She would judge the defendant's testimony equally with that of other witnesses, and base her decision on the law and the facts. (ACT 960.) She had heard nothing about the case. (ACT 962.)

The court speculated that the prosecutor might challenge Ellis because she thought she and her daughter had been mistreated by police because of their race. (ART 571.) However, this was incorrect. Actually, over thirty years prior she had blamed a witness, not the police, for a misidentification, and it had nothing to do with the district attorney. (ART 363, 432, 433.) She repeatedly stated she was not biased against police, and had actually relied on them to get a restraining order. (ART 364, 365, 410.)

PET. FOR WRIT OF HAB. CORPUS            6(a)

In light of the information she gave during voir dire, the court's speculation was not supported.

Marilyn Major

The prosecutor entered his sixth challenge against Marilyn Major. (ART 567.) She was a 41 year old Black woman. (ACT 1090.) The prosecutor stated that he challenged Major because she saw police treating people in a way she did not agree with. (ART 573.) She stated she and her friends had negative experiences with police. (ART 573, 574.) She thought that police stereotype people. (ART 574.) The prosecutor alleged she had a deeply imbedded bias against police and the he would be presenting police witnesses. (ART 574, 575.)

The record does not support the prosecutor's allegations. Major stated repeatedly that she had no problems with law enforcement witnesses. (ART 483.) She state she had no bias against law enforcement that would make it difficult for her to evaluate police witnesses fairly. (ART 452.) She would be fair and impartial. (ART 451.)

Alice Watson

After the prosecutor challenged another Black woman, Alice Watson, Petitioner made another Batson motion. (ART 881, 882.) The court again found an inference of discrimination had been raised and that a prima facie case had been shown. (ART 883.)

The prosecutor gave five reasons for his challenge of Watson:

(1) Watson had worked in a labor law office for years and he had a problem with people in labor law because it is controversial and labor lawyers are fierce advocates, unrelenting in their views (ART 885);

(2) Watson volunteered at Delancey Street, where she lived with hundreds of felons, and this he felt showed an unspecified "strong belief" (ART 886);

(3) Watson's work interviewing worker's comp complainants showed a fiercely adversarial position (ART 886);

(4) the prosecutor did not believe Watson's answers regarding her attitudes about drugs (ART 887);

(5) finally, the prosecutor took offense to Watson's reply when he inquired further into a medical procedure she was having (ART 887).

Each of the prosecutor's stated reasons were baseless and unsupported. Petitioner argued against the prosecutor's five reasons:

(1) Watson was not a lawyer, and never was one. (ART 888, 889.) She showed no signs of being unrelenting. She would follow the jury instructions whether she agreed with them or not. (ACT 418.) She would base her decisions on the evidence and deliberate with the other jurors. (ACT 421.)

(2) Watson's experience at Delancey Street was two decades old, and

PET. FOR WRIT OF HAB. CORPUS              6(b)

she learned that those she served there were responsible for their own actions, and that drug addiction was no excuse for bad behavior. (ART 828, 829, 833, 834.)

(3) Watson was not an advocate for worker's comp complainants, as the prosecution said, she was merely an interviewer and a secretary. (ART 889.)

(4) The prosecutor gave no reasons for not believing Watson's stated attitudes about drugs, and none appear in the record. The prosecutor credited her other answers, and gave no basis for his disbelief.

(5) Watson did not want to talk about a sensitive medical procedure she feared, and it had nothing to do with the prosecutor or the case. (ART 891, 892.)

**The Prosecutor Did Not Challenge Non-Black Women With The Same Characteristics As Ellis, Major and Watson**

The prosecutor stated that one of the reasons for challenging juror Major was her bias against police. (ART 574, 575.)

However, jurors Woolley and Stanford had negative views of the police but were not challenged at that time. (ART 576.) In addition, Stanford opposed three strikes sentences for non-violent offenders and said he would not follow the law if he disagreed with it. These answers reveal a problem with the criminal justice system, yet the prosecutor did not challenge Stanford.

The prosecutor also stated that Major was emotional. (ART 573.) Yet jurors Vicini, Walters and Mitchell all said they were highly emotional, yet the prosecutor did not challenge them. (ART 576.)

A review of the record shows that the prosecution's peremptory challenges were racially based. This violated Petitioner's Sixth Amendment right to a jury of his peers as held in <u>Batson v. Kentucky</u>, <u>supra</u>, and its progeny. The trial court compounded the violation by giving the prosecutor possible reasons to justify his challenge of juror Ellis, contravening well-established federal and state law governing <u>Batson</u> challenge procedural requirements.

**CLAIM TWO:** Trial counsel rendered ineffective assistance of counsel by failing to properly advise Petitioner on an offered plea bargain, denying Petitioner his Sixth Amendment right to the effective assistance of counsel.

**SUPPORTING FACTS:**

On June 21, 2004, Petitioner was informed by his attorney that the Alameda County District Attorney (D.A.) had made a plea bargain offer of 40 years for a plea of guilty on all Counts. At the time of this discussion Petitioner had not been informed by counsel of the scope or content of the discovery counsel had received. Petitioner was never given a copy of the discovery either.

Petitioner's sole knowledge of the evidence against him was counsel's

PET. FOR WRIT OF HAB. CORPUS             6(c)

prior brief discussion regarding the witness statements of the two alleged victims, Angelica Munoz and Jennifer Carvalho. However, there were at least 15 prosecution witnesses that counsel was aware of at that time which Petitioner was never informed about. In addition, there were over 50 hours of tape-recorded phone call conversations between Petitioner and family members in which he made damaging statements.

Had Petitioner been informed and advised about the existence of this evidence, he would have accepted the State's plea bargain offer. Petitioner rejected it because his counsel represented an evidentiary situation in which a future trial would consist solely of the two alleged witnesses' testimony. Had this been the sole evidence against Petitioner, as counsel's omissions portrayed, Petitioner's own testimony and the inconsistent nature of the two victims' testimony could have created a reasonable doubt resulting in an acquittal.

Counsel's failure was objectively unreasonable, as State Bar Rule 3-500, Business & Professions Code §§ 6068(m) & (n), and state and federal case law precedent, clearly require defense counsel to keep his client reasonably informed of important information concerning the case. Furthermore, federal and state case law requires counsel to properly advise his client about the nature and consequences of choosing to accept or reject an offered plea bargain. Thus, counsel's actions fell outside the wide range of reasonably effective assistance guaranteed by the Sixth Amendment.

Prejudice is shown by the large disparity between the 56 years to life term Petitioner received and the 40 years -- with no life term -- Petitioner was offered.

**CLAIM THREE:** The trial court erroneously admitted prejudicial hearsay statements, in violation of Petitioner's Fifth and Fourteenth Amendment rights to Due Process.

**SUPPORTING FACTS:**

Over Petitioner's objections, the trial court allowed four prosecution witnesses to testify concerning statements made by one of the victims to them. This testimony was inadmissible hearsay that had a substantial and injurious influence or effect in the jury's verdict determination.

**The Four Witnesses' Testimony Was Inadmissible Hearsay**

Katherine Solis was a friend of one of the two victims, Angelica Munoz. Munoz talked to Solis after she claimed she was attacked by Petitioner. The prosecutor asked Solis what Munoz had told her, and Petitioner objected on hearsay grounds. (RT 1036.)

Deputy Sheriff Terrence Montigue was asked by the prosecution what Munoz told him. (RT 1060.) Petitioner objected during his testimony on hearsay grounds. (RT 1068, 1069.) The court allowed Montigue to describe in detail what Munoz told him that happened. The court admonished the jury that his statement was not for the truth of the matter. (RT 1060.)

Officer Andrade was allowed to testify over Petitioner's objections

PET. FOR WRIT OF HAB. CORPUS              6(d)

as well. (RT 1164, 1165.) The court again admonished that the testimony was not for the truth of the matter, but to indicate that she made the statements. (RT 1165.)

Deputy David Dickson likewise recounted -- over Petitioner's objections -- every detail of victim Carvalho's report to him. (RT 1196-1198.)

The testimony of Solis, Andrade, Montigue, and Dickson contained the substance of the victim's complaints and included vivid descriptions of the alleged attacks.

### The Inadmissible Hearsay Was Prejudicial

The inadmissible hearsay testimony had a substantial and injurious influence or effect in determining the jury's verdict because (1) it bolstered the weak testimony of Munoz, (2) no other witnesses gave fresh complaint testimony, (3) the other evidence in the case was evenly balanced, and (4) the trial court's admonitions and instruction concerning the testimony was insufficient to cure the prejudice.

**(1)** The inadmissible hearsay greatly enhanced the credibility of Munoz, which was the only issue in the case. Munoz's testimony was ambiguous, and had not been credited by the officers who heard it. The hearsay testimony given by officials displayed none of the ambiguity or confusion Munoz herself displayed.

**(2)** Except for Munoz, no other witness gave testimony on the charge itself beside the four above who gave the inadmissible hearsay testimony.

**(3)** The Munoz charges were weak. Munoz was a methamphetamine addict who was paranoid with poor memory when high. (RT 783, 784, 898, 899, 963.) She had sexual interactions with Petitioner in the past. (RT 906, 909.) Her statements about weapons used during the charged act conflicted. (RT 925, 947, 972.) She did not mention any incident to anyone for several months, and was not deemed credible. (RT 1060, 1150, 1168, 1233, 1180, 1182, 1226.)

Moreover, the prosecutor emphasized the reports of officers Montigue and Dickson as if they were substantive proof and argued the reports corroborated Munoz's testimony. (RT 1394-1396.)

**(4)** The power of the combined testimony of the four witnesses above rendered the court's admonitions ineffective. The jury would have found it difficult not to view their testimony as tending to prove the truth of the underlying charge.

In light of the copious amount of inadmissible hearsay and the prosecutor's reliance upon it during closing argument to support the charged acts, Petitioner's Fifth Amendment right to due process was violated. The combined effect of hearsay had a substantial and injurious influence on the jury's verdict because Munoz's own testimony was weak, she was the sole witness to the offenses she alleged, and the prosecutor used the position of official authority of three of the hearsay witnesses as a primary reason why Munoz's account should be believed.

PET. FOR WRIT OF HAB. CORPUS            6(e)

why Munoz's account should be believed.

PET. FOR WRIT OF HAB. CORPUS                6(f)

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  **Claim 1:** Batson v. Kentucky, 476 U.S. 79 (1986); **Claim 2:** Hill v. Lockhart,
5  474 U.S. 52 (1985); **Claim 3:** Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th
6  Cir. 1991).
7  Do you have an attorney for this petition?          Yes_____   No_X_
8  If you do, give the name and address of your attorney:
9  N/A

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

13  Executed on **August 4, 2008**                    *Thomas Martinez*
14              Date                                   Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS          - 7 -

Thomas E. Martinez
CDCR # V-63638
Pleasant Valley State Prison
P.O. Box 8501
Coalinga, CA 93210

THIS MAIL WAS GENERATED FROM
PLEASANT VALLEY STATE PRISON

LEGAL MAIL

CONFIDENTIAL
LEGAL MAIL

Law Library
Facility A

Clerk, U.S. District Court
Northern District of California
450 Golden Gate Ave.; 16th Flr.
San Francisco, CA 94102

RECEIVED
AUG 1 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



02 1A
0004344659
MAILED FROM ZIPCODE 93210
$01.85⁰
AUG 07 2008
UNITED STATES POSTAGE
PITNEY BOWES



 8/0/08