```
 1  THOMAS E. MARTINEZ
    CDCR # V-63638
 2  Pleasant Valley State Prison
    P.O. Box 8501
 3  Coalinga, CA 93210

 4  In Propria Persona

 5

 6

 7

 8              IN THE UNITED STATES DISTRICT COURT

 9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  
    THOMAS E. MARTINEZ,                    No.

12                                         Notice And Motion For Stay
                     Petitioner,           And Abeyance; Points And
13                                         Authorities; Declaration
         vs.                               In Support; [Proposed] Order
14  JAMES A. YATES, Warden, et al.,

15                   Respondents.          E-filing

16
```

FILED AUG 1 5 2008 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

CV 08    3911



17  TO THE HONORABLE PRESIDING JUSTICE OF THE U.S. DISTRICT COURT;
    EDMUND G. BROWN JR., ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,
18  AND HIS ASSIGNED DEPUTY:

19      PLEASE TAKE NOTICE that Petitioner Thomas E. Martinez, pursuant to <u>Rhines</u>

20  <u>v. Weber</u>, 544 U.S. 269 (2005), hereby moves this court to stay his petition

21  in the above-entitled matter and hold it in abeyance pending exhaustion of

22  his state remedies.

23      This motion is based on this notice and motion, the attached memorandum

24  of points and authorities, the attached declarations, the petition filed, and

25  any evidence that may be presented at any hearing on said motion.

26      This motion is made on the grounds that Petitioner's state habeas corpus

27  petition is pending in the California Supreme Court, that good cause exists

28  for his failure to exhaust, and that dismissal of the unexhausted claim would

1  jeopardize his ability to obtain federal review of a potentially meritorious

2  federal constitutional claim.

3  DATED: August 4, 2008

Respectfully Submitted,

Thomas E. Martinez,
Petitioner in pro se.

1 | ## Memorandum Of Points And Authorities
2 | ## In Support Of Motion For Stay And Abeyance

3 A. Controlling Legal Principles

4     The U.S. Supreme Court has held that "it likely would be an abuse of
5 discretion for a district court to deny a stay and to dismiss a mixed petition
6 if the petitioner had good cause for his failure to exhaust, his unexhausted
7 claims are potentially meritorious, and there is no indication that the
8 petitioner engaged in intentionally dilatory litigation tactics." Rhines v.
9 Weber, 544 U.S. 269, 278 (2005). "In such circumstances," the Court held,
10 "the district court should stay, rather than dismiss, the mixed petition."
11 Ibid.

12 B. Good Cause Exists For Petitioner's Failure To Exhaust

13     Good cause in this case is shown by: (1) Petitioner's late discovery of
14 the facts constituting the alleged constitutional deprivation, (2) his
15 subsequent diligence in attempting to develop the factual basis for the claim,
16 (3) his timely filing of a state habeas petition, (4) his trial counsel's
17 failure to provide documents needed to support his claim, in violation of State
18 Law, and (5) the delays caused by Petitioner's inability to adequately research
19 the legal bases for his federal habeas claims due to the constitutionally
20 inadequate law library where he is confined.

21     In Rhines, the court stated that the "good cause" requirement "is not
22 intended to impose the sort of strict and inflexible requirement that would
23 trap the unwary pro se prisoner." Rhines, 544 U.S. at 279 (conc. opn. of J.
24 Stevens). "The trickiness of some exhaustion determinations promises to infect
25 issues of good cause when a court finds a failure to exhaust; pro se petitioners
26 (as most habeas petitioners are) do not come well trained to address such
27 matters." Rhines, 544 U.S. at 279 (conc. opn. of Souter) (parentheses in
28 orig.).

1    The Ninth Circuit has held that "the application of an 'extraordinary
2 circumstances' standard does not comport with the 'good cause' standard
3 prescribed by <u>Rhines</u>." <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005).

4    **(1)** Petitioner was not made aware of the existence of the factual basis
5 for his unexhausted claim until after his family paid for a costly legal
6 evaluation from the National Legal Professional Associates firm.  During
7 preliminary correspondence with the firm, Petitioner was asked for all relevant
8 case materials, including discovery documents.  In a 25 page evaluation, this
9 firm informed Petitioner that his attorney's failure to go over the case with
10 him and discuss the contents of the discovery documents was a possible basis
11 for federal habeas corpus relief.

12    **(2)** Immediately upon learning that there were material documents he had
13 not seen that would have had a direct bearing on his consideration of an offered
14 plea bargain, Petitioner contacted his wife and father and asked for their
15 help in obtaining said documents from both his attorney and the Alameda County
16 Superior Court.  (See Attachment "A", Declaration of Tommy Martinez.)

17    Petitioner also wrote letters to his trial attorney and the court clerk
18 requesting his discovery documents, but received no reply.

19    **(3)** Petitioner immediately began to research and prepare a state habeas
20 petition.  Once Petitioner learned that he would not be able to obtain the
21 needed discovery documents from his attorney to attach to his petition as an
22 exhibit, he immediately filed his petition regarding the newly discovered claim
23 in the California Supreme Court.

24    **(4)** Petitioner's claim is based on the factual disparity between the false
25 evidentiary foundation presented by his attorney and that contained in the
26 unseen documents.  Since his attorney has never provided these documents, and
27 continues to ignore and deny requests for them, Petitioner is not at fault
28 for his failure to have this claim fully exhausted.

1   Petitioner's sole unexhausted claim relates to his trial counsel's failure
2   to properly advise him on an offered plea bargain.  Counsel discussed only
3   the statements of the two alleged victims.  But counsel not only failed to
4   provide Petitioner with copies of any and all discovery documents, but also
5   failed to discuss the contents of the documents with Petitioner, which contained
6   prosecution witness statements in addition to those of the two victims.  This
7   led Petitioner to believe the prosecution had only the two victims' inconsistent
8   and self-contradictory statements as an evidentiary basis to support the charged
9   offenses.  Instead, the unseen and unknown discovery documents contained over
10  15 additional witness statements and other material evidence.

11  Based on his inadequate knowledge of the evidence against him, Petitioner
12  rejected a plea bargain offer by the prosecution, resulting in a sentence of
13  an additional 16 years and a life sentence.

14  **(5)** The constitutional inadequacy of the library where Petitioner is
15  confined directly contributed to his delay in filing his state and federal
16  petition regarding the newly discovered claim.  All California state prison
17  libraries are currently under a federal consent decree mandating specified
18  legal materials.  (See Gilmore v. Lynch, 319 F.Supp. 105 (1970); see also Cal.
19  Code Regs., tit. 15, § 3122, "Inmate Library").  The required materials include,
20  inter alia, Shepard's Citations for Cases and all Federal Reporter cases.
21  However, Petitioner's library has received no new Shepard's Citations for the
22  last four years, and is missing all Federal Reporter volumes (99 in total)
23  from 2004 through 2006.  This period represents over half of the body of federal
24  case law since Petitioner's conviction became final.  These missing materials
25  have prevented Petitioner from reading many cases referenced elsewhere that
26  are highly analogous to the factual circumstances of Petitioner's claim.  The
27  lack of Shepard's Citations has also forced Petitioner to spend an inordinate
28  amount of time cross-checking cases to see if they are still good law.  In

1 sum, these deficiencies have frustrated and delayed Petitioner's attempts to
2 diligently research and prepare his state and federal petitions.

3     Based on the totality of the above circumstances, good cause exists for
4 a stay in this case.

5 C. Petitioner's Claim Is Potentially Meritorious

6     Petitioner's claim is potentially meritorious because U.S. Supreme Court
7 authority and Ninth Circuit case law support Petitioner's claim that he was
8 prejudicially deprived of his Sixth Amendment right to a fair trial when his
9 counsel failed to disclose the content and character of copious amounts of
10 inculpatory evidence prior to Petitioner's rejection of an offered plea bargain.

11     Counsel's failure was objectively unreasonable because it violated state
12 statutory law governing attorney conduct, violated several State Bar Rules
13 of Professional Conduct, and is inconsistent with governing state and federal
14 case law governing an attorney's duty to disclose facts and documents material
15 to his client's case.

16     Prejudice is shown by the disparity between the 40 years offered by the
17 prosecution, and the 56 years to life sentence received by Petitioner.

18     Since this issue is based on facts outside the record on appeal, it was
19 properly raised first in a habeas petition.  See In re Dixon, 41 Cal.2d 756
20 (1953).

21 D. Petitioner's Motion Is Not Dilatory In Nature

22     No reasons exist in this case for Petitioner to delay adjudication of
23 his federal habeas claims.  Petitioner's claim was fully presented to both
24 the state court and this Court, in addition to his other federal claims.  An
25 attempt to delay serves no logical purpose for Petitioner, as it merely extends
26 the time he must remain incarcerated with unadjudicated federal claims possibly
27 entitling him to desired relief.  Consequently, no "intentionally dilatory
28 litigation tactics" are shown that would preclude granting of the instant

1 | motion.

2 | **JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

3 | Petitioner hereby requests under Rule 201, Federal Rules of Evidence,

4 | that this Court take judicial notice of the petition, points and authorities,

5 | and exhibits filed with this Court in the above-entitled matter, which

6 | Petitioner incorporates herein by reference.

7 | **CONCLUSION**

8 | Wherefore, for the foregoing reasons, Petitioner requests that this Court

9 | stay the petition filed in this matter and hold it in abeyance pending

10 | exhaustion of state remedies, and issue an Order requiring Petitioner to file

11 | and serve a Status Report every 60 days until exhausted, and to give notice

12 | within 10 days upon exhaustion.

13 | DATED: August 4, 2008

Respectfully Submitted,

15 |

Thomas Martinez

16 | Thomas E. Martinez,
Petitioner in pro se.

## Declaration of Petitioner Thomas E. Martinez
## In Support Of Motion For Stay And Abeyance

I, THOMAS E. MARTINEZ, hereby declare:

1. I am the Petitioner in this case.  I make this declaration in support of my Motion for Stay and Abeyance.

2. I am an inmate at Pleasant Valley State Prison.  My conviction became final under the AEDPA on May 9, 2007.

3. From September 2006 through April 2007 my family and I were in contact with an appellate attorney, Vincent J. Oliver, and a legal firm, National Legal Professional Associates (NLPA) in an effort to obtain representation in state and federal habeas corpus proceedings.  The NLPA was finally paid to do an legal evaluation of my case to determine possible meritorious issues.

4. On February 13, 2008, the NLPA finished its evaluation, which concluded that a state and federal habeas petition was warranted regarding my counsel's failure to keep me properly advised of case developments.  The NLPA was unable to fully analyze this issue because it did not have any discovery documents, as they were not given to them or myself at any time.

5. I requested my complete case file, including all discovery documents, from my trial attorney, Donald Bergerson, in writing and by phone on several occasions.  I was told by Mr. Bergerson that these documents were "in storage" and therefore unavailable, and that he would not or could not get them for me.

6. I asked my father, Tommy Martinez, and wife, Ana Maria Martinez, to try to obtain these documents by calling Mr. Bergerson and the Alameda County Clerk.  They subsequently informed me that they had called both but were unsuccessful.

7. After my receipt of the NLPA evaluation and my family's attempt to obtain the needed documents, my family tried to raise funds to hire an attorney

1  to file a habeas petition regarding my claim of ineffective assistance of
2  counsel.  In June 2008 my family told me that they would not be able to afford
3  an attorney.

4      8. I next sought the assistance of an inmate legal assistant, who
5  immediately reviewed my evaluation, appellate record, and attorney
6  correspondence, and then helped me prepare a state habeas petition on the claim
7  regarding my attorney's failure to properly advise me on an offered plea
8  bargain.

9      9. I filed the state petition as soon as I learned that my efforts and
10  those of my family to get my disocvery documents had failed.

11     10. In researching the federal claims for my habeas petition, I encountered
12  serious deficiencies in the law library where I am confined that stymied my
13  ability to adequately and timely uncover legal issues and answer pertinent
14  legal questions related to my claim.  The library has no Shepard's Citations
15  at all for the last four years, and is missing all Federal Reporter volumes
16  from 2004 through 2006.  This forced me to spend excessive time cross-checking
17  cases to determine if they were good or relevant law.  It also prevented me
18  from reading numerous important cases cited in later Ninth Circuit decisions
19  that seemed to have analogous factual and legal similarities.  Access to these
20  materials would have greatly reduced the time I needed to prepare my petition.

21     11. For the reasons set forth in the memorandum of points and authorities
22  filed with this motion, Petitioner is entitled to a stay and abeyance of his
23  petition filed with this Court, in order to preserve his right to federal review
24  of his unexhausted claim.

25     12. For the foregoing reasons, the Court should grant Petitioner's motion
26  in all respects.

27     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that
28  the foregoing is true and correct.

Motion For Stay And Abeyance                                          -9-

Attachment "A"

1 | THOMAS E. MARTINEZ
  | CDCR # V-63638
2 | Pleasant Valley State Prison
  | P.O. Box 8501
3 | Coalinga, CA 93210

4 | In Propria Persona

5

6

7

8 | IN THE SUPREME COURT OF THE STATE OF CALIFORNIA

9

10 | **In re**                                          No._____

11 |     **THOMAS E. MARTINEZ,**                         **Declaration of Tommy Martinez In**
   |                                                     **Support Of Petition for Writ Of**
12 |                     Petitioner,                     **Habeas Corpus**

13 | **On Habeas Corpus.**

14

15 |     I, Tommy Martinez, hereby declare:

16 |     1.   I am the father of Thomas Edward Martinez.

17 |     2.   My son repeatedly asked me to get some legal documents for him for

18 | his federal appeal in November of 2007 and up through May of 2008.

19 |     3.   My son said these documents were "discovery" that had witness

20 | statements in them that he did not know about when he rejected the plea bargain

21 | from the District Attorney.

22 |     4.   I tried several times to get these documents by calling my son's

23 | trial attorney, Mr. Donald Bergerson.  Mr. Bergerson refused to give me the

24 | discovery, saying that it was in his storage somewhere and it would take some

25 | time to find.  He never offered to go and get the requested discovery.

26 |     5.   I was also told by my son's wife that she had called Mr. Bergerson

27 | as well but that he also refused to help her obtain my son's discovery.

28 |     6.   I also called the Alameda County Clerk and was told that those

-1-

1 | documents were probably not available but that I would need to provide the
2 | dates and types of documents for them to determine if they were available.
3 | I did not have this information.

4 |     7.  I also drove to the Alameda County Courthouse to try to see if there
5 | may have been some other way to obtain these documents.  I was told basically
6 | the same thing as when I had called.

7 |     8.  My son also told me during this time that he had written the Court
8 | and Mr. Bergerson but had received no reply.

9

10 |     I declare under the penalty of perjury of the laws of the State of
    California that the foregoing is true and correct.
11

    DATED:  June 3, 2008
12

13 |                          Tommy Martinez, Declarant
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-2-

**VERIFICATION**
(28 U.S.C. § 1746)

I, Thomas E. Martinez, declare:

I am the Petitioner in the attached matter.  I have read the foregoing documents and know the contents thereof; the same is true of my own knowledge, except as to those matters which are therein stated upon my information or belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct.

DATED:  August 4, 2008

Thomas E. Martinez,
Petitioner in pro se.

## DECLARATION OF SERVICE BY U.S. MAIL
(28 U.S.C § 1746)

I, Thomas E. Martinez, declare:

I am a resident of Pleasant Valley State Prison, in the County of Fresno, State of California. I am 18 years of age or older and a party to this action. My address is P.O. Box 8501, Coalinga, CA 93210.

On August 4, 2008, I served the attached:

**Notice And Motion For Stay And Abeyance; Points And Authorities; Declarations In Support; [Proposed] Order**

on the parties herein by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the U.S. Mail deposit box so provided at Pleasant Valley State Prison, and addressed as follows:

**Office of the Attorney General**
**455 Golden Gate Ave., Ste. 1100**
**San Francisco, CA 94102-3664**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  August 4, 2008

_Thomas Martinez_
Thomas E. Martinez,
Petitioner in pro se.